No. 12528

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

CREDIT COUNSELLORS, INC.,
a Corporation,

Plaintiff and Respondent,

-vs-

JAMES W. PARK & WILLIAM R. WEST,

Defendants and Appellants.

---

Appeal from:  District Court of the Eighth Judicial District,
Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellants:

Church, Harris, Johnson and Williams, Great Falls,
Montana
Cresap S. McCracken argued, Great Falls, Montana

For Respondent:

Stephen Swanberg argued, Great Falls, Montana

---

Submitted:  September 24, 1973

Decided:  OCT 25 1973

Filed: OCT 25 1973

*Thomas J. Kearney*
Clerk

Honorable M. James Sorte, District Judge, sitting in place of
Mr. Justice John C. Harrison, delivered the Opinion of the Court.

Plaintiff (respondent) Credit Counsellors Inc. recovered
judgment on a note in the district court of the eighth judicial
district, Cascade County, and defendants (appellants) appealed.

Elsie C. Nelson, the widow of Sig T. Nelson, testified
that the promissory note that is the subject of this action was
given by defendants West and Park to Sig T. Nelson as part pay-
ment for the liquor and beer license of the old Great Falls Hotel.
Elsie C. Nelson, as executrix of the Estate of Sig T. Nelson,
assigned the note to plaintiff, Credit Counsellors Inc. Plain-
tiff sued on the note and defendants answered by: (1) Denying
that the complaint stated a claim upon which relief could be
granted; (2) Alleging that payment of the note was contingent
upon defendants' continued operation of a retail liquor business;
(3) Alleging the note was given without consideration; and (4)
Generally denying the allegations of the complaint.

Defendants allege error because of improper foundation
for admission in evidence of the following numbered exhibits:

1. Note signed by defendants;

5. Dunning letter from plaintiff to defendant West
   and his reply written on the back of the letter
   acknowledging the debt.

6. Letter from defendant West to plaintiff acknow-
   ledging the debt.

Defendants argue there was no proper foundation for ad-
mission of the exhibits in evidence and therefore a failure of
proof of execution, delivery and consideration for the note.

The execution of the note is admitted by defendants'
answer to the complaint "That payment of said Promissory Note
was contingent upon Defendants' continued operation of a retail
liquor business * * *." There was, therefore, sufficient foundation

- 2 -

to admit the note (exhibit 1) in evidence.

The debt underlying the note was admitted by defendant West, a joint debtor, by his written reply on the dunning letter from plaintiff (exhibit 5), his letter to plaintiff (exhibit 6), and in a phone conversation with Elsie C. Nelson. Section 93-401-27(5), R.C.M. 1947, provides that the act or declaration of a joint debtor may be given in evidence.

The possession of the note by plaintiff, considered with exhibits 5, 6 and the matters above are adequate proof of delivery of the note.

After proof of execution and delivery of the note, consideration is presumed (section 93-1301-7(21), R.C.M. 1947).

If defendants could have defended on the grounds of failure of consideration they should have rebutted the presumption of consideration with their own testimony.

Because defendants did not testify the prima facie case of plaintiff resulted in judgment.

The judgment is affirmed.

_____
Hon. M. James Sorte, sitting in place of Mr. Justice John Conway Harrison

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 3 -